UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Crim. No.: 6:13-cr-0020-GFVT-CJS-7 |
| ) | Related Civil No.: 6:16-cv-00168-GFVT-CJS |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| MICHELLE MANNING, ) | **&** |
| ) | **ORDER** |
| Defendant/Petitioner. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by the United States Magistrate Judge Candace J. Smith. [R. 1078.] The Defendant, Michelle Manning, has filed a *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [R. 1067.] Consistent with local practice, Judge Smith reviewed the motion and ultimately recommends that the Court deny the Defendant's § 2255 motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th

Cir. 1991).

Ms. Manning did not file timely objections. Instead, Ms. Manning filed a Motion for Declaratory Judgment nearly a month after Judge Smith filed the Report and Recommendation. [R. 1091.] Because Ms. Manning requests a declaration that she should not have been classified as a career offender at sentencing, the Court construes[1] this filing as objections to the Magistrate Judge's Recommendation. These objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The less stringent standard applied to *pro se* litigants does not apply to readily comprehendible deadlines, such as the deadline to file objections to the Recommendation, and thus, Ms. Manning's filing is untimely. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Even so, the Court considers the merits of Ms. Manning's objections and overrules them.

# I

Judge Smith's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Smith's discussion of the record into this Order.

On May 23, 2013, Ms. Manning was indicted for conspiracy to manufacture methamphetamine. [R. 2.] This indictment was superseded [R. 142] and Ms. Manning ultimately entered a guilty plea to the charge on August 28, 2014 [R. 793.] She was sentenced by this Court on February 5, 2015, to 108 months of imprisonment, which she did not appeal. [R. 918.]

---

[1] The Court generally applies a less stringent standard to pleadings made by *pro se* litigants. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

## II

In her § 2255 Motion, Ms. Manning asserted four arguments: (1) she should not have been classified as a career offender under *Johnson*; (2) she should have been given a two-level reduction for her minor role in the crime pursuant to U.S.S.G. § 3B1.2(b); (3) she was entitled to an additional 2-level reduction for acceptance of responsibility; and (4) the Court should consider her post-conviction conduct as well as policies of the Attorney General when determining a new sentence. [R. 1067.] Judge Smith thoughtfully considered each of these claims and determined that Ms. Manning is not entitled to relief. [R. 1078.] Specifically, Judge Smith determined that her non-*Johnson* arguments were waived in her plea agreement and that she had procedurally defaulted these claims by failing to raise them on direct appeal. *Id*. at 9–11. As to her *Johnson* claim, Judge Smith found *Johnson* did not apply to Ms. Manning because she was not sentenced under the residual clause of the U.S.S.G. § 4B1.1(a).

Ms. Manning only objects to Judge Smith's finding that her career offender classification was appropriate. [R. 1091.] Ms. Manning claims that the status was based on a prior offense from July 2006 where she served no time of incarceration.

Pursuant to the Sentencing Guidelines, a defendant is considered a career offender for sentencing purposes if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offenses of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Ms. Manning was born on October 13, 1979, making her at least eighteen years old at the time of the offense. [PSR at 3.] The instant offense was a conspiracy to manufacture methamphetamine, a controlled substance offense.

For the third criteria, the PSR identified two prior felony convictions for controlled substance offenses: in 2006, she was sentenced to two years imprisonment for possession of a methamphetamine precursor (Whitley County Circuit Court, Case No. 05-CR-51), and in 2011, she was sentenced to six years imprisonment for possession of marijuana with intent to distribute and possession of methamphetamine (Banks County Superior Court, Case No. 07-CR-136). [PSR at ¶¶ 66–67.] Both of these are felony convictions, and both are controlled substance offenses. The sentence in Banks County was suspended, and she received six years of probation instead. A prior felony conviction means any "prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, Application Note 1. Thus, because Ms. Manning was sentenced to six years, it is irrelevant whether she actually served those six years. This conviction was properly counted as a qualifying controlled substance offense for her status as a career offender. Accordingly, Ms. Manning's objections are overruled.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Smith's thorough analysis of Ms. Manning's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court,

this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Michelle Manning's construed Objections to the Recommended Disposition [**R. 1091**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 1078**] is **ADOPTED** as and for the Opinion of this Court;

3. The Defendant's Motion to Vacate under § 2255 [**R. 1067**] is **DISMISSED WITH PREJUDICE**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 15th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge